The Columbian College in the District of Columbia was chartered by Congress in 1821. In 1832 the college had become deeply involved in debt; and on the 10th of December of that year, the board of trustees appointed a committee, of which the Rev. Abner W. Clopton was one, to report on the state of the college debt, and their means of paying it. This committee made a report, shewing the amount of the debts, with interest thereon to the 1st of January 1833, to be 31,413 dollars 6 cents; and thereupon Mr. Clopton was appointed by the board of trustees their general agent to obtain bonds, pledging the sums therein named, with interest from the 1st of January 1833, for the purpose of securing the payment of the said debt of 31,413 dollars 6 cents.
To aid in carrying into effect the objects of the trustees, Mr. Clopton executed the following bond:
"Whereas at a meeting of the board of trustees of the Columbian College, held in the City of Washington, December 11th, 1832, it was ascertained that the debts against the college, with interest till the 1st of January 1833, amounted to 31,413 dollars 6 cents: And whereas, in making provision for the certain and speedy payment of said debts, regard must be had also to the interest accruing upon the principal from the 1st of January 1833, till both principal and interest shall be paid: I do hereby promise to raise, by voluntary contributions or out of my own funds, and to pay to Enoch Reynolds, treasurer of the college, towards the payment of the said amount of 31,413 dollars 6 cents, *Page 170 
the sum of 2413 dollars 6 cents, with the interest accruing thereon from the 1st of January 1833, until principal and interest shall be paid: Provided, however, that the whole amount of 31,413 dollars 6 cents shall be pledged on the same condition. And provided, moreover, that this fact of the whole amount being thus pledged shall be distinctly announced by a committee consisting of the Rev. S. Cornelius, Enoch Reynolds, George Wood and A. W. Clopton, before the obligation shall be binding. Witness my hand and seal, this 24th day of January 1833.
Abner W. Clopton, Seal."
Very soon after the execution of this bond, Mr. Clopton was taken sick; and he died in April 1833. By his will which bore date the 12th of March 1833, and which was duly admitted to probat, he provided: "First, I am bound and willing to pay my bond placed in the hands of the treasurer of the Columbian College, provided the whole amount pledged shall first appear indubitably valid. And, as I am under such peculiar circumstances, provided further, that the whole amount thus pledged shall have been first paid." He then proceeded to make bequests to different relations; and towards the conclusion of his will he says: "If the Columbian College should fail, I will that the sum pledged to that shall be given to the Newton Institution, in the State of Massachusetts."
The whole amount necessary to discharge the college debt was pledged by the execution of bonds similar to that executed by Clopton; but before the announcement of the fact was made by the committee, not only Clopton but Enoch Reynolds, another member of it, had died. On the 27th of December 1833, the board of trustees appointed two other persons members of this committee, in the place of Clopton and Reynolds; *Page 171 
and in 1834 the committee so constituted did announce the fact that the whole amount was pledged and that the pledges were indubitably valid; and prior to March 1842 the entire debt of the college, the payment whereof was intended to be secured by the said bonds and pledges, had been fully discharged and paid.
In November 1843, the Columbian College filed its bill in the Circuit court of Charlotte county, in which the foregoing facts were stated; and having made the administrator de bonis non of Clopton and the administrator of Daniel Terry, the first administrator, parties defendants, it was claimed that either under the bond or the will of Clopton, the college was entitled to have the amount which he had pledged himself to pay towards the discharge of the college debt.
The administrator de bonis non answered, submitting the question to the Court. But the administrator of Daniel Terry, who was one of the residuary legatees of Clopton, in his answer contested the claim, on the ground that the provisos in the bond were conditions precedent, and by the death of the parties who were to perform them, had not been and could not be complied with. And he insisted that the will, instead of dispensing with the necessity of performing these precedent conditions, added another; and that, therefore, for the same reason, the college had no title under the will.
The cause came on to be finally heard in November 1843. when the Court below dismissed the bill. Whereupon the plaintiff applied to this Court for an appeal, which was allowed.
The Court is of opinion that it distinctly appears from the recital in the bond executed by the testator of the appellee, that the sole purpose of the obligor in giving said obligation, was to aid in raising funds to pay the debts then pressing upon the college. After reciting that at a meeting of the board of trustees of the Columbian College, held in the City of Washington, December 11, 1832, it was ascertained that the debts against the college, with interest till the 1st of January 1833, amounted to 31,413 dollars 6 cents, and that in making provision for the certain and speedy payment of said debts regard should be had also to the interest accruing on the principal from the 1st January 1833, till both principal and interest should be paid; the obligor promised to raise by voluntary contributions or out of his own funds, and to pay to the treasurer towards the payment of the said amount of
31,413 dollars 6 cents, the sum of 2413 dollars 6 cents, with the interest accruing thereon from the 1st January 1833 until principal and interest should be paid; provided, however, the whole amount of 31,413 dollars 6 cents should be pledged on the same condition; and provided moreover, that the fact of the whole amount being thus pledged should be distinctly announced by a committee consisting of persons named, before the obligation should be binding.
The recital shews that the testator of the appellee was looking solely to the release of the college from its embarrassments; that in entering into the obligation, he did not contemplate a mere gift or benevolence to the college, to be used by it for any ulterior purpose consistent with the general objects of the institution. Accordingly, and in conformity with this general intent, he bound himself to raise by voluntary contributions or out of his own funds the sum stipulated, not for the general purposes of the college, but towards the *Page 175 
payment of the debt designated. But as that sum would still leave a heavy debt unpaid under which the institution might sink, and so his contribution fail in effecting his object, the whole sum was to be pledged and the fact announced. Whatever might have been the rights of the parties in a Court of law, if the condition precedent had been strictly complied with, here the appellant is seeking the aid of a Court of equity, upon the ground of a substantial performance of the condition; and to make out a case for relief, has proved that the whole debt of 31,413 dollars 6 cents, principal and interest, has been paid, and the college relieved from difficulty. The object therefore which the testator of the appellee had in view when he gave his obligation, has been attained otherwise; the liabilities have been discharged towards the payment of which alone he bound himself to raise a stipulated sum. If the creditors of the college, prompted by the same motives which actuated the obligor, had immediately after the execution of the obligation, released the debts, there would have been no obligation, at least in equity, to raise and pay over the money. The Court is therefore of opinion, that upon the bond alone the appellant is not, upon the facts disclosed by the record, entitled to any relief.
And the Court is further of opinion, that the appellant's claim to relief is not aided by considering the bond in connection with the will of the appellees' testator. The first clause of the will recognizes his obligation and willingness to pay, provided the whole amount; pledged should first appear indubitably valid; and provided the whole amount thus pledged should have been first paid. This recognition of his bond, and expression of a willingness to pay on certain conditions, does not change the nature of the obligation so far as respected the purpose for which it was given; it superadds conditions to those contained in the bond, *Page 176 
but did not contemplate a payment for any other object than the one specified in the bond, the discharge of the debt due by the college.
And the Court is farther of opinion, that neither the clause referred to, nor the clause in which he directs that if the Columbian College should fail, the sum pledged to that should be given to the Newton Institution in the State of Massachusetts, constitutes, under the circumstances of this case, a direct legacy or a legacy by implication to the college of the sum specified in the bond; because there is no bequest of the amount of the bond, but a mere recognition of the bond as an existing obligation, and an expression of a willingness to pay on certain conditions; but the purpose for which payment was to be made is still to be gathered from the bond itself, the discharge of the liabilities of the college; and this is made clear by the second clause, from which it would seem he looked to the contingency of the college failing in being relieved from its embarrassments, in which event he directed the amount pledged to that should be given to another institution. He does not speak of the amount as given to or bequeathed to the college for its general purposes, but as pledged to it; and a reference to the bond referred to discloses that the sole object of the pledge was to pay a specified debt; and it appearing that the debt intended to be provided for has been otherwise paid, the college cannot assert a claim to the fund to be applied to any ulterior object.
The circumstances shew that the arrangement was made for the purpose of discharging the college debts by means of voluntary contributions, and not to contract a debt to the college to be paid in any event. The pledge was entered into to give weight to the appeal expected to be made to the members of his religious society, his personal friends, and the friends of the institution, for liberal contributions. Prevented by *Page 177 
the approach of death from soliciting voluntary contributions, he felt himself, under the peculiar circumstances alluded to in his will, bound to pay the amount out of his own estate, to be applied to the college debts, provided the whole debt should be thereby extinguished; but he did not thereby recognize himself as a debtor, or intend a gift or bequest to the college for any other purpose than that for which the pledge had been given; and the object having been accomplished in some other mode, the obligation incurred by the pledge originally, and the recognition of it in the will, is at an end.